An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TORRES MAZATLAN REMAINDER LLC, A WASHINGTON LIMITED LIABILITY COMPANY; VALLARTA TORRE REMAINDER LLC, A WASHINGTON LIMITED LIABILITY COMPANY; AND VACATION TIMESHARE PROGRAM REMAINDER LLC, A WASHINGTON LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND THE HONORABLE JESSIE ELIZABETH WALSH,
Respondents,
and
FLRX, INC., A WASHINGTON CORPORATION; VACATION INTERNATIONALE OWNERS ASSOCIATION, A WASHINGTON NON-PROFIT CORPORATION; AND VACATION INTERNATIONALE, INC., A WASHINGTON CORPORATION,
Real Parties in Interest.

No. 62220

**FILED**

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a district court order staying an action for enforcement of a foreign judgment.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 04986

station or to control an arbitrary or capricious exercise of discretion." International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); see NRS 34.160. A writ of prohibition may be granted when the district court exceeds its jurisdiction. NRS 34.320. It is within this court's discretion to determine whether a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioners bear the burden of demonstrating that this court's extraordinary intervention is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

After obtaining a judgment against real party in interest FLRX, Inc., in the Washington state courts, petitioners filed an action against FLRX in the Nevada district court seeking enforcement of that foreign judgment by, among other things, attempted to garnish the stock certificates issued by Vacation Time Share Travel, Inc. The district court stayed the proceedings below on August 19, 2011, and April 13, 2012, during the pendency of FLRX's appeals with the Washington courts.

After the Washington supreme court denied FLRX's petition for review, real parties in interest Vacation Internationale Owners Association and Vacation Internationale, Inc., moved to intervene in the Nevada district court action and extend the stay of the proceedings because litigation was currently ongoing in the Washington superior court regarding assets owned by Vacation Time Share Travel. The district court granted the motion to intervene and extended the stay, pending the outcome of the Washington litigation.

In their petition, petitioners argue that writ relief is appropriate because the district court was required to deny the request to extend the stay. We disagree. Allowing the foreign judgment action to

proceed in Nevada may result in duplicative court decisions concerning Vacation Time Share Travel and its assets. Petitioners and all real parties in interest are participants in the litigation in the Washington superior court, and that court should decide the issues concerning the parties' rights and liabilities before execution upon petitioners' foreign judgment. NRS 31.294; see Board of Trustees v. Durable Developers, 102 Nev. 401, 417-18, 724 P.2d 736, 747-48 (1986) (holding that a garnishee was entitled to retain certain property pending a determination of the garnishee's liability); Grouse Cr. Ranches v. Budget Financial Corp., 87 Nev. 419, 429, 488 P.2d 917, 924 (1971) (holding that adjudicating garnishment rights is proper only after a third-party claimant's rights to the property in question are adjudicated). Therefore, we conclude that petitioners have not demonstrated that writ relief is warranted. NRAP 21(b); Smith, 107 Nev. at 677, 818 P.2d at 851. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Nitz Walton & Heaton, Ltd.
Snell & Wilmer, LLP/Las Vegas
Harry Paul Marquis
Eighth District Court Clerk

